THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| VIOLETA D. ESPINOZA, ) | Case No. 2:08CV00997 DS |
| Plaintiff, ) | |
| vs. ) | MEMORANDUM DECISION AND ORDER |
| WALGREEN CO., et al., ) | |
| Defendants. ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

Pursuant to Fed R. Civ. P. 12(b)(6), Defendants Walgreen Co., Jared Altamirano, and April Halter (the "Walgreen Defendants") move to dismiss Plaintiff's Amended Complaint because the allegations do not establish that they acted under color of state law, and because the allegations are insufficient to support her state law tort claims.  For the reasons that follow, the Court agrees.

## II.  FACTUAL ALLEGATIONS

On January 5, 2008, Plaintiff was issued a prescription for pain medication by an emergency room physician for a recent back injury.  The prescription was faxed by the issuing doctor to the Walgreen pharmacy located at 531 East 400 South in Salt Lake City on January 7, 2008.  Plaintiff went to Walgreens on January 10, 2008, to drop off the prescription.  Walgreen employees Halter and

Altamirano erroneously determined that the prescription received from Plaintiff was a forgery and called Salt Lake City Police.

Officer Moronae Lealaogata interviewed Halter and Altamirano and examined both prescriptions (one faxed and one hand delivered) which were determined to be identical in content. Officer Lealaogata also interviewed the issuing medical staff and determined that the prescription had been validly issued, although the hand-delivered prescription was missing a sticker containing the printed name of the patient and the treating doctor. He further determined that the hand-delivered prescription was a photocopy of the prescription which had been issued on January 5, 2008. The same day as his investigation, January 10, 2008, Officer Lealaogata informed the Walgreen Defendants of the results of his investigation.

On January 11, 2008, Plaintiff returned to Walgreens to pick up her prescription at which time Halter and Altamirano again called police claiming that the prescription was forged. Plaintiff was arrested and subsequently released without criminal charges being filed.

### III.  STANDARD OF REVIEW

In *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007), the Court changed the way a motion to dismiss is analyzed. Previously, a complaint was sufficient "unless it appeared without

a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). After *Twombly* the complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Twombly*, 127 S.Ct. at 1965. The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

In reviewing the Complaint the Court accepts as true all well pleaded allegations of the complaint and views them in the light most favorable to the non-moving party. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); Swanson v. Bixler, 750 F.2d 810 (10th Cir. 1984).

**IV. DISCUSSION**

**A. Section 1983 Claim - First Claim for Relief**

The Walgreen Defendants urge that because the allegations in the Complaint do not establish that they acted under color of state law, the § 1983 claim must be dismissed.

In order to prevail in a § 1983 action, a plaintiff must show that he was injured as a result of state action. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). Private conduct, "no matter how discriminatory or wrongful," may not be redressed by a § 1983 claim. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). One of several exceptions under which a plaintiff can subject a private actor to § 1983 liability is if "a private party is a willful participant in joint activity with the State or its agents". *Gallagher*, 49 F.3d at 1447 (citation and internal quotation marks omitted).

In this case, Plaintiff alleges that "[t]he Walgreen defendants acted jointly with the police to deprive Ms. Espinoza of her constitutional rights and therefore acted under color of state law for the purposes of 42 U.S.C. § 1983." Opp'n at p.7. Specifically Plaintiff alleges that the officers "failed to conduct an independent investigation" and "relied solely on the false representations" of the Walgreen Defendants who "participated in, instigated, authorized, directed, procured without process and/or

assisted officers HOPKINS and CHOATE in the unjustified and unlawful arrest and detention of ESPINOZA."   Am. Compl. ¶¶ 40, 42.

Plaintiff does not dispute that "[t]he mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983...." *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983).  Rather, Plaintiff urges that because the Walgreen Defendants failed to inform officers responding on January 11, 2008, that Officer Lealaogata had confirmed the validity of the prescription the day before, and because the January 11th responding officers failed to conduct an independent investigation, there was cooperative activity between the officers and the Walgreen Defendants sufficient to deem that those private parties were acting under color of state law.

Plaintiff cites *Lusby v. T.G.& Y Stores, Inc*., 749 F.2d 1423, 1430 (10th Cir. 1984), *vacated on other grounds,* 474 U.S. 805 (1985), for the proposition that when a police officer allows a private party to "substitute his judgment for that of the police" then "[s]uch cooperative activity between the police department and a private party is sufficient to make [the private actor] a party acting under color of state law." Id. at 1430.  In *Lusby*, an off-duty police officer who was working as a security guard at a convenience store, flashed his badge and identified himself as an off-duty officer and placed a suspected shoplifter under arrest.

5

The security guard used police forms to document the arrest and evidence suggested that the security guard wanted to file charges for assault on a police officer, even though he was not acting as an officer at the time. Additionally, the police department had a practice and a policy of not conducting independent investigations into a merchant's allegations of shoplifting before taking suspects into custody or issuing citations. Id. 1430. After finding such significant involvement between the police department and the private parties involved, the court concluded that such cooperative activity was sufficient to conclude that the private parties were acting under color of state law.

No such cooperative activity is alleged here and *Lusby* is distinguishable on the facts. Plaintiff alleges no facts that reflect that the failure of officers to conduct an independent investigation was the product of a conspiracy, prearranged plan or customary arrangement between the Walgreen Defendants and the police. *See, e.g., Carey v. Continental Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987)(plaintiff "did not allege facts from which we might conclude that his arrest resulted from any concerted action, whether conspiracy, prearranged plan, customary procedure, or policy that substituted the judgement of a private party for that of the police or allowed a private party to exercise state power").

Moreover, other that Plaintiff's conclusory statement that officers failed to conduct an independent investigation and relied

solely on the false representations of Halter and Altamirano, Plaintiff alleges no supporting facts. Without more, in the Court's opinion, Plaintiff falls short of adequately alleging that the judgment of the Walgreen Defendants was substituted for that of the police, or that those Defendants were allowed to exercise state power. *See, e.g., Morris v. Dillard Dep't Stores, Inc.* 277 F.3d 743, 749 (5th Cir. 2001)(for purposes of § 1983 liability, "evidence of a proper investigation may include such indicators as an officer's interview of an employee, independent observation of a suspect, and the officer writing his own report"). *Wilson v. McRae's , Inc.*, 413 F.3d 692, 694 (7th Cir. 2005)("lack of investigation does not support an inference that the police are the merchant's tools" and "[o]fficers regularly rely on people who claim to be eyewitness to (or victims of) crime; that reliance does not imply that the victims are exercising state power").

Likewise, Plaintiff's allegation that the Walgreen Defendants actively misled police by falsely reporting that Plaintiff had given them a forged prescription, is insufficient to find joint action with the police. First, as the Walgreen Defendants assert, misleading the police undermines any allegation of an agreement, conspiracy, prearranged plan or cooperation. Plaintiff's assertion that *Gallagher*, 49 F.3d at 1454, supports its position that joint action may be present even in the absence of a conspiracy between a state official and a private actor, ignores that there still must

7

be some factual allegation of cooperation. *See, e.g., Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998)(to survive a motion to dismiss, a plaintiff must allege "specific facts showing an agreement and concerted action amongst the defendants").

Second, as outlined by the Walgreen Defendants, without more, lying or giving false information is not enough to constitute joint state action. *See e.g. Lane v. Johnson*, 385 F. Supp. 2d 1146, 1151 (D. Kan. 2005)(citing *Young v. Arkansas Children's Hospital*, 721 F. Supp. 197, 198 (E.D. Ark. 1989))("[t]he mere fact that a private party furnished information, even if false, is not sufficient to constitute joint activity with state officials to state an actionable claim under § 1983"); *Mark v. Furay*, 769 F.2d 1266, 1273 (7th Cir. 1985)(quoting *Moore v. Marketplace Restaurants, Inc.*, 754 f. 2d 1336, 1352 (7th Cir. 1985))("'providing false information to an arresting officer is not, by itself, sufficient to state a claim against the private party under § 1983'"); *Ercoli v. Paiva*, No. 03 C 5172, 2004 WL 539998, *2 (N.D. Ill. Jan. 23, 2004(unpublished)("[e]ven if [the defendant] was lying, the mere fact that he talked to police cannot be fairly characterized as part of a 'conspiracy'" and defendant's "cooperation with the police is insufficient to support an inference that he reached an understanding with them to violate the plaintiff's constitutional rights").

Although the Supreme Court "has taken a flexible approach to the state action doctrine, applying a variety of tests to the facts of each case", *Gallagher*, 49 F.3d at 1447, in the Court's opinion, Plaintiff alleges no facts which constitute joint action under color of state law by the Walgreen Defendants which would render them liable under § 1983. Because Plaintiff has failed to allege facts that the Walgreen Defendants were acting under any authority or color of state law, she has failed to state a claim under § 1983.

**B. Violation of UCA § 76-8-506(1) - Second Claim for Relief**

In her second claim for relief, Plaintiff claims that she "is entitled to declaratory relief and an award of damages as a result of the Walgreen defendants' violation of Utah Code Ann. § 76-8-506(1)(1953 as amended)[1] and the resulting harm to plaintiff." Amend. Compl. ¶57.

Asserting that Plaintiff lacks standing to sue under a criminal statute, the Walgreen Defendants move for dismissal of this claim. In response, Plaintiff concedes that "the violation of [the statute] does not, in and of itself, provide for a private cause of actions. However, the violation of [the statute] provides clear evidence of their failure to exercise due care in their dealings with Ms.

---

[1] UCA § 76-8-506(1) states: " A person is guilty of a class B misdemeanor if he: (1)knowingly gives or cause to be given false information to any peace officer of any state or local government agency or personnel with a purpose of inducing the recipient of the information to believe that another has committed an offense".

Espinoza. So doing, they committed an actionable tort against her." Opp'n p. 13.

As Plaintiff now explains, her Second Claim for Relief appears to be one for negligence.[2] The Court agrees with the Walgreen Defendants that as such, it fails to comply with Rule 8 which requires a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Walgreen Defendants note, other than damages, Plaintiff fails to plead the elements of negligence, such as duty, breach, and causation. The Court, therefore, agrees with those defendants that "there is nothing in the Amended Complaint that can be reasonably inferred to state a claim for negligence against the Walgreen Defendants, and the Second Cause of Action fails as a matter of law." Reply p,12.

---

[2]In her opposition memorandum, Plaintiff now elaborates: In the case at bar, the Walgreen defendants undertook to assist Ms. Espinoza in filling her validly issued prescription. Amd. Compl. ¶¶ 18-20. Once they undertook to perform this service they assumed a duty to do so with ordinary or reasonable care. They breached that duty when they provided false information regarding Ms. Espinoza's prescription to the police. That no reasonable person would engage in such mis-conduct is made amply clear by the fact that § 76-8-506 actually criminally proscribes such conduct. Because the Walgreen Defendants breached their duty of reasonable care to Ms. Espinoza, they are liable to her for damages.
Opp'n pp.13-14.

**C.   False Imprisonment - Third Claim for Relief**

Alleging that "[t]he Walgreen defendants, HALTER and ALTAMIRANO, participated in, instigated, authorized, directed, procured without process and/or assisted offers HOPKINS and CHOATE in conducting the unjustified and unlawful arrest and imprisonment of ESPINOZA", Am. Compl. ¶60, plaintiff purports to allege a claim for false imprisonment as her Third Claim for Relief.

As Plaintiff notes, "[i]t is not essential for the plaintiff in an action of this kind to prove an express command to the officer who makes the illegal arrest in order to recover." *Pixton v. Dunn*, 238 P.2d 408(Utah 1951). And "[i]t is sufficient if the circumstances developed by the plaintiff support an inference that the defendant was the directing or instigating force back of the illegal arrest." *Id.* Nevertheless, "one who merely gives information to an officer with or without probable cause or malice, without requesting, directing, or instigating the arrest and subsequent imprisonment, does not thereby make himself liable." *Id.* at 409.

Here, the Court agrees with the Walgreen Defendants that, other than the factual allegation that those Defendants falsely reported information to police, Plaintiff's allegations that the Walgreen Defendants caused, instigated and directed her unlawful detention and arrest are legal conclusions not entitled to the assumption of truth. "[A] plaintiff's obligation to provide the grounds of his

entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65. Accordingly, Plaintiff's Third Claim for Relief fails to state a claim for relief.

## V. CONCLUSION

For the reasons stated, as well as generally for the reasons set forth by the Walgreen Defendants in their pleadings, their Motion to Dismiss (Doc. #29) is granted.

IT IS SO ORDERED.

DATED this 25th day of August, 2009.

BY THE COURT:

*[signature: David Sam]*
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT