THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| VIOLETA D. ESPINOZA, ) | Case No. 2:08CV00997 DS |
| Plaintiff, ) | |
| vs. ) | MEMORANDUM DECISION AND ORDER |
| WALGREEN CO., et al., ) | |
| Defendants. ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

I.  INTRODUCTION

Pursuant to Fed R. Civ. P. 56, Plaintiff moves for Partial Summary Judgment (Doc. #45) on the issues of qualified immunity and liability. For the reasons that follow, the Motion is denied.

Plaintiff's basic allegations are these. On January 5, 2008, she was issued a prescription for pain medication by a physician at Salt Lake Regional Medical Center for a recent back injury. The prescription was faxed to the Walgreen pharmacy located at 531 East 400 South in Salt Lake City on January 7, 2008. Plaintiff went to Walgreen on January 10, 2008, and dropped off the prescription given to her at the Medical Center. Walgreen employees believed that the prescription received from Plaintiff was a forgery and called Salt Lake City Police.

Officer Moronae Lealaogata interviewed Walgreen employee Jared Altamirano and examined the hand delivered prescription. He also

contacted the Salt Lake Regional Medical Center and spoke with Director Kelly who confirmed that Plaintiff's treating physician, Dr. Gardenshire, had written a prescription for Plaintiff. The hand-delivered prescription was missing a sticker that typically would have been placed there by hospital staff.

On January 11, 2008, Plaintiff, with her two young children, returned to Walgreens to pick up her prescription at which time Walgreen employees again called police claiming that the prescription was forged. Officers Choate and Hopkins responded. Plaintiff told Officer Choate that there was a misunderstanding and asker her to call the hospital to confirm that the prescription she had submitted was written by her doctor. Plaintiff was arrested and subsequently released without criminal charges being filed.

## II.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party. *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In applying this standard, the Court must view the facts and any reasonable inferences that might be drawn from them in the light most favorable to the nonmoving party.

*MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005).

### III. DISCUSSION

**A. Qualified Immunity Defense**

Plaintiff alleges that defendants Choate and Hopkins "violated her rights as guaranteed by the Fourth Amendment of the Untied States Constitution when they arrested and seized her without probable cause based solely on false allegations made by the Walgreens defendants". Mot at 2. She asserts that the defense of qualified immunity raised by defendants Choate and Hopkins is not supported in law and, therefore, she is entitled to summary judgement as to that defense.

"Qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Eaton v. Menely*, 379 F.3d 949, 954 (10th Cir. 2004)(citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When the defense is asserted, a plaintiff must meet a two-part test. The Plaintiff must establish "'(1)that the defendant violated a constitutional or statutory right, and (2) that this right was clearly established at the time of the defendant's conduct,'". *McBeth v. Himes*, __F.3d_____, 2010 WL 762189 at *4 (10th Cir. Mar. 8, 2010)(quoting *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007)(en banc).

3

A court has discretion as to which of the two elements of the qualified immunity analysis to address first. *Id*.

In this case, the Court first will address whether Plaintiff has demonstrated that Defendants' conduct violated the law. "A police officer violates an arrestee's clearly established Fourth Amendment right to be free of unreasonable seizure if the officer makes a warrantless arrest without probable cause." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002). "'Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonable trustworthy information are sufficient to lead a prudent person to believe that the arrestee has reasonable trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense.'" *Id*. (quoting *Jones v. City & County of Denver*, 854 F.2d 1206, 1210 (10th Cir. 1988)).

Here, Plaintiff asserts that Defendants arrested her based solely on the false allegations of Walgreen employees and without probable cause. As characterized by Defendants, the essence of Plaintiff's position is that "Officers Choate and Hopkins ignored easily accessible exculpatory evidence by failing to contact Espinoza's claimed alibi witnesses, ignored her claims of innocence, failed to examine the prescriptions submitted by

4

Espinoza, and arrested her without probable cause." Mem. Opp'n at 16.

By affidavit, Officer Choate states the following:

> While en route to Walgreens I became aware that another officer had responded on the same call the day before, so I pulled up and reviewed Officer Moronae Laelaogata's report....
> While en route to Walgreens I also spoke with Officer Lealaogata over my service radio. [He] told me about his investigation the day before, and informed me that, in his opinion, probable cause existed to believe that [Defendant] may have fraudulently attempted to fill invalid prescriptions.
> ...
> Mr. Altamirano [the pharmacy manager] showed me on the faxed copy of the prescriptions why he believed they were fraudulent. The prescriptions were from the Salt Lake Regional Center ('SLRMC") Emergency Department, and faxed from phone number 801-578-8111. He said the pharmacy called the SLRMC Emergency Department to verify the source of the fax, but SLRMC Emergency Department denied sending [it]. The Emergency Department also said that was not their fax number. ...
> Mr. Altamirano told me that the prescriptions [Defendant] gave the pharmacy the day before were photocopies, not original prescriptions, and that they were missing vital information. The prescriptions should have been original, with the prescribing doctor's original signature in ink, and should have had a sticker on the top right hand side with the patient's name, address and age, and the prescribing doctor's name, address and registry number.
> ...
> Officer Brandon Hopkins was on scene as a back-up officer. [He] did not investigate this complaint, he did not make any probable cause determination, nor did he arrest Ms. Espinoza.

Choate Aff., Mem. Opp'n at Ex. 2 ¶¶ 3-14. *See also* Lealaogata Aff., *Id*. at Ex. 1; Hopkins Aff. *Id*. at Ex. 3.

Because the foregoing statements by Officer Choate controvert Plaintiff's position, and without belaboring the matter unduly, the Court concludes that Plaintiff has failed to establish that the undisputed facts alleged show that the conduct of Defendants Choate and Hopkins violated Constitutional or statutory law. Therefore, the Court need proceed no further on the issue of qualified immunity for purposes of the present motion.

**B. Liability**

Because Plaintiff has failed to show that the undisputed facts establish that Defendants Choate and Hopkins infringed upon her constitutional rights, her motion as it relates to damages must also be denied.

## V. CONCLUSION

For the reasons stated, as well as generally for the reasons set forth by Defendants Choate and Hopkins in their responsive pleading, Plaintiff's Motion for Partial Summary Judgment (Doc. #45) is denied.

IT IS SO ORDERED.

DATED this 14th day of April, 2010.

BY THE COURT:

*David Sam*
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT